# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

---

ELIZABETH DUSENBURY AND MARY M. DE GUERRE, RESPONDENTS, v. PATRICK CALLAGHAN, IMPLEADED WITH OTHERS, APPELLANT.

*Fraudulent foreclosure — Action to recover damages against fraudulent purchaser at sale — Release by plaintiff of all interest in property to person acquiring title from such purchaser — No defense to action — Payment — when third person relieved from liability by — Covenants of seizin and warranty — breach of.*

APPEAL by the defendant Patrick Callaghan, from an order denying a motion for leave to file and serve a supplemental answer in this action, setting up as new matter:

First. A conveyance of the property and premises in question by the defendants Lehmaier and wife to Jonathan Hanson and Jonathan Hanson, Jr., dated on or about December 16, 1872, and recorded on or about January 4, 1873.

Second. A conveyance of the property and premises in question by Jonathan Hanson and wife, and Jonathan Hanson, Jr., and wife, to Thomas Handibode, dated on or about March 8, 1873, and recorded on or about March 14, 1873.

Third. A deed of release of the property and premises in question from the plaintiffs and their mother, the widow of William A. De Guerre, deceased, to Thomas Handibode, dated on or about April 19, 1873, and recorded April 21, 1873.

Fourth. The consideration paid by said Handibode for such deed of release, and the amount thereof, or for such other or further relief in the premises as may be just and equitable.

Also an appeal from a judgment for $12,964.03 in favor of the plaintiff against the defendant Callaghan.

The action itself was originally brought by the plaintiffs, who are the daughters of W. A. DeGuerre, deceased, to redeem the premises on the south-west corner of Third avenue and One Hundred and Twenty-seventh street, fifty feet on Third avenue and one hundred feet on One Hundred and Twenty-seventh street, from the foreclosure of a mortgage of $1,000, and a sale thereunder, which mortgage was foreclosed by and under the direction of the defendant Callaghan ; and also to charge the defendant Callaghan, as an equitable and constructive trustee, for the value of the said premises, less what he had paid thereon, on the ground that he had conspired and colluded with their attorney and guardian *ad litem* to defraud them, by controlling the foreclosure, and drafting and arranging the terms of sale so as to destroy all competition, thereby purchasing and bidding in the property himself, at the foreclosure sale, for $3,100, while the real value of the same was $12,000.

Stead and Lehmaier were made defendants, as subsequent grantees of Callaghan, and the Equitable Life Assurance Society, as a subsequent mortgagee for $15,000.

After the commencement of this action against the other defendants, the plaintiffs became convinced that they should not be able to bring notice home to such defendants of the fraudulent acts of the defendant Callaghan, and they abandoned that portion of their claim for relief, which included the right to redeem, and prosecuted this action solely against the defendant Callaghan, claiming to charge him, as a constructive trustee, for the fraud alleged in the complaint, and subsequently proved on the trial, which occurred only the week after the decision of this motion, from which an appeal is here taken.

The defendant Callaghan moved to set up by supplemental answer that the plaintiffs had, after the commencement of the action, released to one Handibode, a grantee of the property from the Hansons, to whom defendants had conveyed, with convenants of seizin and warranty, all their interest in the premises, for the sum of $3,000; the deed providing that such release should not in any way be construed as affecting the personal claim of the plaintiffs and their mother against defendant Callaghan, personally, as the same was set forth in the complaint herein.

The motion was denied, on the ground that the release was no defense to the defendant in this action.

The court at General Term say : " It appeared upon the trial that the plaintiffs and their mother received $3,000, jointly, from the holder of the paper title, which was paid to them for a release to him of all interest in the land.

This payment and the instrument obtained by it removed a cloud upon his title arising from assumed errors or irregularities in the foreclosure proceedings, and prevented the plaintiffs from asserting any claim to the land. The defendant, prior to the trial, sought to set up this fact by supplemental answer, but the motion made for that purpose was denied, upon the ground that it constituted no defense. The defendant complains of this decision, and from the order made has appealed, as already suggested.

The release which the defendant sought to interpose was given to the holder of the title without any concert of action between him and the defendant. It was procured, doubtless, to set at rest all questions about the title ; and obtaining it prevented an eviction by the plaintiffs, or surrender to them for paramount title, or any assault upon the title by them. The *quasi* owner bought his peace, in other words. He had no remedy against the defendant on the covenant of seizin, for his grant was not from him.

The defendant's covenant was broken, if at all, as soon as the deed from him was delivered ; and being then converted into a chose in action, did not run with the land or pass by the conveyance of his grantee. (4 Kent [11th ed.], p. 555 ; *Blydenburgh* v. *Cotheal*, 1 Duer, 197, and numerous cases cited ; *Bingham, Admr.,* v. *Weiderwax et al.*, 1 Comst., 509 ; *Mott* v. *Palmer*, id., 564.)

He could have no remedy on the warranty, because he prevented by friendly compromise any eviction or obligation to surrender the premises to the plaintiffs under their claim of title. (*Ingersoll* v. *Hall*, 30 Barb., 392.)

No action could be maintained without one of these elements. (*Greenvault* v. *Davis*, 4 Hill, 643 ; *Fowler* v. *Poling*, 6 Barb., 165 ; *Blydenburgh* v. *Cotheal*, 1 Duer, 176, 196, and cases cited; *Beddoe* v. *Wadsworth*, 21 Wend., 120.) The result was that whatever privity existed between him and the defendant was, in effect, extinguished, because it was created only by the covenant of war-

ranty running with the land, and which was ineffective because the necessary conditions to its enforcement could not arise upon any claim of the plaintiffs. The money paid could not be regarded, therefore, as paid in his interest or for his benefit, for aught that appears in the case.

The holder of the title was a stranger, paying the money for a specific purpose, and not with any intention to relieve the defendant from any liability which he might have incurred. To be effectual, payment, if by a third person, must be made by him as agent for or on account of the one liable, and with the prior authority or subsequent ratification of the latter. (*Atlantic Dock Co.* v. *The Mayor*, 53 N. Y., 64, and cases cited.) The only advantage to grow out of the recovery in this case, on the assumption that it affords complete indemnity, would be a probable right in the payor to recover back the money he paid, as suggested in *Bleakley* v. *White* (4 Paige, 654). The justice was right, therefore, in denying the motion for leave to file a supplemental answer. We think it also proper to say that the mother of the plaintiffs, having a dower right in the property, and having reserved any right of action against the defendant Callaghan by the terms of the release mentioned, the plaintiff could not recover the whole value of the property in excess of what was paid by the defendant when he took the title, inasmuch as she had not joined in the action.

This will not, however, prevent them from recovering their individual claims when established. Whether this defect can be cured by amendment or release it is not our province now to declare."

The judgment was reversed, however, because of the judge at Special Term having, through an erroneous impression, discredited the statements of two witnesses.

*J. S. Bosworth*, for the appellant. *D. McMahon* and *Samuel A. Noyes*, for the respondents.

Opinion by BRADY, J. ; DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial ordered, with costs to abide event; order appealed from affirmed, with costs.